UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81117-CV-SMITH

KIRBY C. WRIGHT,

    Petitioner,

v.

MARK S. INCH,[1]

    Respondent.
_____/

## ORDER AFFIRMING REPORT OF MAGISTRATE JUDGE

This matter is before the Court on Magistrate Judge Lisette Reid's Report [DE 14] ("Report"), which recommends that Petitioner's federal habeas petition be denied and final judgment be entered in favor of Respondent. Petitioner has filed Objections to the Report [DE 16] ("Objections"). After *de novo* review of the record and for the reasons discussed below, the Report is affirmed and adopted, and Petitioner's Objections are overruled.

**I. STANDARD OF REVIEW**

To "challenge the findings and recommendations of the magistrate, a party must . . . [file] written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Upon receipt of objections meeting the specificity requirement set out above . . . [the district court] . . . make[s] a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), since Mark S. Inch has replaced Julie Jones as the Secretary of the Florida Department of Corrections, he is substituted as the proper respondent in this case.

accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." *Id.* "The district judge reviews legal conclusions *de novo*, even in the absence of an objection." *Lacy v. Apfel*, No. 2:97-CV-153-FTM-29D, 2000 WL 33277680, at *1 (M.D. Fla. Oct. 19, 2000) (citing *Cooper–Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

## II. DISCUSSION

### A.     Claims 1 and 2 – Sufficiency of Evidence - Procedural Default

In her first and second claims, Petitioner challenges the state court's denial of a motion for judgment of acquittal and motion to dismiss under Florida's "stand your ground" law. (Pet. at 6-7.) Magistrate Judge Reid found both claims were unexhausted because they had not been presented to the state court as federal constitutional claims. (Report at 7.) Because the claims were unexhausted, Magistrate Judge Reid found they were procedurally defaulted because Petitioner no longer had an avenue to pursue them in state court. (*Id.* at 8.) In reaching this conclusion, the Magistrate Judge found that Petitioner had failed to make any showing of cause and prejudice to excuse the procedural default of these claims. (*Id.*) In her Objections, Petitioner for the first time presents an argument that her procedural default should be excused to avoid a fundamental miscarriage of justice. (Objs. at 1-3.)

The Court need not consider Petitioner's argument that her procedural default should be excused because it was first raised in Objections to the Magistrate Judge's Report. *See Williams v. McNeil*, 554 F.3d 1287, 1291 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). The Court, upon review, finds no error in Magistrate Judge Reid's analysis or conclusion regarding the lack of exhaustion and procedural bar. Thus, Petitioner's objection to Magistrate Judge Reid's finding that the first two claims were unexhausted and procedurally defaulted is overruled.

### B. Claim 3 – Jury Instruction

In her third claim, Petitioner contends that the trial court erred in instructing the jury in a way that implied she had a duty to avoid danger. (Pet at 7.) Magistrate Judge Reid recommends denying Petitioner's third claim, finding that the jury instruction issue is a question of state law and as such is not a basis for federal habeas relief unless the instruction rendered the entire trial fundamentally unfair. (Report at 34.) Magistrate Judge Reid cites *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983), in support of this conclusion. (Report at 34.) Petitioner objects arguing that this finding is in violation of *Francis v. Franklin*, 471 U.S. 307 (1985). (DE 16 at 4-5.)

The Petitioner's objection is overruled. In *Francis*, the court held that an instruction that creates a mandatory presumption violates the due process clause if it relieves the state of its burden of proof on an element of an offense. *Francis*, 471 U.S. at 325. This is not the argument presented in the Petition. In her Petition, Petitioner argues that the jury instruction was an incorrect statement of Florida law. In her Objections, Petitioner argues that the instruction shifted the burden of proof. Since this argument was not presented to the Magistrate Judge, the Court will exercise its discretion and not consider this objection. After review of Magistrate Judge Reid's findings, the recommendation to deny Petitioner's third claim is adopted.

### C. Claims 4 and 5 – Counsel's Objection to 9-1-1 Call

Petitioner's fourth and fifth claims are addressed to trial counsel's performance regarding 9-1-1 calls. (Pet. at 8-10.) Petitioner argues that counsel was ineffective for stipulating to the admission of the first 9-1-1 call and by failing to have both calls played in their entirety. (*Id*.) Petitioner contends that the Magistrate Judge misconstrued her fourth claim. (Objs. at 6-7.) She argues that counsel should not have stipulated to the introduction of the 9-1-1 calls at all. (*Id*.) The Magistrate Judge found that Petitioner's claim that counsel failed to object to the introduction of

3

the 9-1-1 calls was belied by the record. (Report at 37.) Magistrate Judge Reid found that counsel stipulated only to the entry of the 9-1-1 calls to the extent that the prosecution did not need to call the records custodian as a witness but then objected to the introduction of the calls on hearsay grounds, but the objection was overruled. (*Id*.) Magistrate Judge Reid also found that, contrary to Petitioner's contention, a portion of the second call was presented to the jury. (*Id*. at 38.)

After conducting a *de novo* review of the record, the Court accepts Magistrate Judge Reid's factual findings. The Report contains extensive citations to the state court record. Review of the record citations supports the factual findings of Magistrate Judge Reid. Magistrate Judge Reid identified the proper standard for ineffective assistance of counsel claims as the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984), that requires a showing of both deficient performance and prejudice. (Report at 31.) Based on the state court record, Magistrate Judge Reid found that, contrary to Petitioner's contention, counsel had objected to the admission of the 9-1-1 calls. (*Id*.) Magistrate Judge Reid also correctly applied *Strickland's* two-part test for ineffective assistance of counsel to find that Petitioner could not establish prejudice, given that the 9-1-1 calls were not the only evidence of Petitioner's guilt and did not contradict her clam of self-defense. (*Id*. at 38-39.)

D.      **Claims 6 and 7 – Counsel's Objections to Statements During Closing**

Petitioner's sixth and seventh claims both relate to counsel's alleged failure to object to the prosecutor's statements in closing argument. (Pet. at 11-13.) Magistrate Judge Reid found that, except for one statement, Petitioner had failed to identify the allegedly improper statements in the initial Petition. (Report at 40.) Nevertheless, Magistrate Judge Reid reviewed the statements that were identified in Petitioner's reply. (*Id*. at 41-42.)

Petitioner objects to Magistrate Judge Reid's denial of her claims that counsel was ineffective for failing to object to the prosecutor's closing arguments. (Objs. at 8.) Petitioner

contends that the Magistrate Judge failed to articulate the statements that were considered. (*Id*.) However, review of the Petition shows that Magistrate Judge Reid correctly identified that Petitioner herself had not articulated each of the allegedly improper statements. Even though Petitioner only articulated the allegedly improper statements in her reply to the State's response, Magistrate Judge Reid reviewed those statements and found that none were improper. Magistrate Judge Reid correctly found that the prosecutor's statements were made about the State having established the facts beyond a reasonable doubt. Magistrate Judge Reid also correctly found Petitioner's claim that counsel failed to object to the statements was refuted by the record, noting that counsel had objected no less than fourteen times. Magistrate Judge Reid further notes that the objections were overruled because the trial court found that the prosecutor's statements were based on reasonable inferences drawn from the facts presented at trial.

After conducting a *de novo* review of the record, the Court accepts Magistrate Judge Reid's factual findings. The Report contains extensive citations to the state court record. Review of the record citations supports the factual findings of Magistrate Judge Reid. The Report then correctly applied the law to those facts. The Petitioner's objections are overruled, and the findings of the Report are adopted.

### E.   Claim 8 – Admission of Petitioner's Statement

Petitioner's eighth claim is that counsel was ineffective for failing to object to the court sustaining an objection the State never made to the second portion of Petitioner's taped statement. (Pet. 14.) This second statement was a recording of a phone call Petitioner made to a relative after she provided the police a statement. (Report at 43.) Magistrate Judge Reid denied this claim finding that counsel had vigorously argued for the admission of the second statement, but the state court declined to admit the second recorded statement because it was repetitive of statements made in the first statement. (*Id*. at 44.) Petitioner has not identified her objection to the finding that the

5

claim is refuted by the record. The Court finds the conclusions of the Magistrate Judge are clear and cogent and the Court will adopt the finding that this claim should be denied because it is refuted by the state court record.

> **F.** **Claim 9 – Questioning of Ernest Coney**

In her ninth claim, Petitioner argues that counsel was ineffective for failing to question Ernest Coney about moving the victim's body or to move for a mistrial because Coney had not mentioned moving the body prior to this testimony. (Pet. at 15.) Magistrate Judge Reid recommends this claim be denied because counsel objected and raised a question of a discovery violation. (Report at 46.) Magistrate Judge Reid recounts the steps taken by counsel and notes that no discovery violation was found. (*Id*.). Based on this finding, Magistrate Judge Reid correctly found that counsel was not ineffective because a motion for mistrial would have been meritless and counsel thoroughly explored the issue in direct and cross examination of Coney. (*Id*.). Magistrate Judge Reid further found that Petitioner has not demonstrated that the mere fact that Coney moved the body would have any effect on the testimony of the medical examiner. (*Id*. at 47.)

Petitioner has not specified any objection to Magistrate Judge Reid's findings but merely reiterates her argument in support of this claim. The Court finds the conclusion of the Magistrate Judge is clear and cogent and the Court will adopt the recommendation that this claim should be denied.

> **G.** **Claim 10 – Counsel's Failure to Strike Four Jurors for Cause**

In her tenth claim, Petitioner argues that counsel was ineffective for failing to strike four jurors for cause because the jurors had an aversion to carrying or using guns. (Pet. at 17.) Magistrate Judge Reid recommends denying this claim after reviewing the statements of the four jurors identified by Petitioner. (Report at 48-49.). Magistrate Judge Reid correctly found Petitioner

has not established the jurors were biased where each of the jurors stated they could follow the law and follow the court's instructions. (*Id*. at 49.) Petitioner contends the Magistrate Judge minimized the effect of the statements of the jurors and argues that the four jurors were not impartial.

After conducting a *de novo* review of the record, the Court accepts Magistrate Judge Reid's factual findings. The Report contains extensive citations to the state court record. Review of the record citations supports the factual findings of Magistrate Judge Reid. The Report then correctly applies the law to those facts. Magistrate Judge Reid recounted the juror's statements and found that in context they did not indicate that the four jurors were biased against Petitioner. The Petitioner's objections are overruled.

### H.     Claim 11 – Recusal of Trial Judge

In the eleventh claim, Petitioner claims that counsel was ineffective for failing to move to disqualify the trial judge based on the judge's statements regarding Florida's "Stand Your Ground" law. (Pet. at 18.) Magistrate Judge Reid found that the statements of the trial judge did not evidence bias. (Report at 50-52.) Magistrate Judge Reid noted that the statements were made at the start of a hearing on the Petitioner's motion to dismiss and that the trial judge then entertained argument and heard testimony before denying the motion to dismiss. (*Id*. at 51.) Petitioner objects to the Magistrate Judge's finding arguing that it is based on the length of the hearing on the motion to dismiss. (Objs. at 12.)

A review of the record confirms that Magistrate Judge Reid's determination of this claim is proper. Magistrate Judge Reid reviewed the transcripts of the "stand your ground" hearing and found that the trial judge properly considered the motion after an evidentiary hearing. (Report at 51-53.) As reflected in the transcript, the hearing began with the trial judge asking counsel to clarify how the law had changed. The court then conducted a hearing, after which it entered its

7

order denying the motion to dismiss. In denying the motion to dismiss the trial court found the fact that one of the bullets struck the victim in the back did not comport with a self-defense claim and, given the evidence, concluded that the defense had not met its burden. As properly found by Magistrate Judge Reid, the trial judge's statements did not indicate that he was biased. Because the recommendation that this claim be denied is not based solely on the length of the hearing, the Petitioner's objections are overruled.

### I.      Claim 12 - Cumulative Error

The Petitioner's final claim is that the cumulative effect of counsel's errors rendered her trial fundamentally unfair. Petitioner has not presented any specific objection to the Magistrate Judge's Report. The Report's conclusion that none of the alleged errors rendered Petitioner's trial unfair is adopted.

### III.    CERTIFICATE OF APPEALABILITY

As amended, effective December 1, 2009, Rules Governing § 2254 Proceedings, Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473,

478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test.

Accordingly, it is

**ORDERED** that:

1) The Report [DE 14] is **AFFIRMED AND ADOPTED**:

   a. the Petition [DE 1] is **DENIED**;

   b. no certificate of appealability shall issue; and

   c. the Court will enter separate judgment in favor of Respondent.

2) All pending motions not otherwise ruled on are **DENIED AS MOOT**.

3) This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 28th day of September 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:
Kirby C Wright
155943
Florida Women's Reception Center
3700 NW 111th Place
Ocala, FL 34482-1479
PRO SE

Georgina Jimenez-Orosa
Attorney General Office
1515 N Flagler Drive
Suite 900
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: CrimAppWPB@MyFloridaLegal.com